OPINION OF THE COURT
Kevin C. Fogarty, J.
This proceeding was brought by the petitioner against the *1076 parents of a severely retarded, multiple handicapped child for reimbursement by the parents for sums expended by the petitioner for the support of their son, Lawrence. Lawrence has been in foster care with the Commissioner of Social Services since December, 1977 pursuant to a voluntary placement agreement signed by the respondent parents.
The subject child is placed with the Working Organization for Retarded Children (WORC). His education has been arranged through the committee on the handicapped (COH) in his school district. (See Education Law, § 4402.) Lawrence’s education is furnished at the Samuel Field YMHA School with the approval of the COH.
The petitioner pays $42.68 per day to WORC for maintenance and residential expenses for Lawrence. These expenses are not reimbursable under any Federal or State program because a group home is not approvable as a school under the Education Law of New York. The petitioner does receive Lawrence’s Social Security benefits of $197.58 per month.
The respondents orally moved to dismiss the petitions on the ground that they are not liable for the sums expended by the petitioner. In a supporting memorandum of law, they argued that all handicapped children are entitled to a free, appropriate public education and that the 1977 amendment to section 366 of the Social Services Law eliminates parental liability for a child not residing in the parental home.
The petitioner submitted a memorandum of law in opposition to the respondents’ motion to dismiss in which it pointed out that the Education for All Handicapped Children Act of 1975 (US Code, tit 20, § 1401 et seq.), upon which the respondents relied, is inapplicable to Lawrence’s placement at WORC. In addition, the petitioner argued that section 366 of the Social Services Law, as amended, only relieves parents of liability for medical expenses covered by the medical assistance program.
Pursuant to section 101 of the Social Services Law, the parent of a recipient of public assistance or care shall, if of sufficient ability, be responsible for the support of such person, provided that a parent shall be responsible only for the support of a child under the age of 21 years. A public welfare official responsible for the administration of the public assistance or care granted is empowered to bring proceedings to compel any person liable by law for support to contribute to the support of any person cared for at public expense. (Social Services Law, § 102, subd 1.)
*1077 Pursuant to sections 413 and 414 of the Family Court Act, the parents of a child under 21 years are chargeable with the support of such child and, if possessed of sufficient means or able to earn such means, may be required to pay for such child’s support a fair and reasonable sum according to their means, as the court may determine. A social services official may originate a proceeding under article 4 of the Family Court Act if so authorized by section 102 of the Social Services Law. (Family Ct Act, § 422, subd [a].)
The requirement of a free education is axiomatic. (Education Law, § 3202, subd 1.) However, contribution by the respondents to the cost of Lawrence’s education is not being sought by the petitioner. During the 1977-1978 and 1978-1979 school years, Lawrence’s education was furnished with the approval of the COH and, therefore, was entirely funded by the State. Lawrence is still receiving his education at the Samuel Field School, but the COH has not yet been asked for funding for this placement. It can be presumed that the school will seek the money again this year.
What the petitioner is seeking is contribution from the parents for the cost and maintenance of their child in foster care. Subdivision 1 of section 4405 of the Education Law does provide for the municipality wherein the handicapped child resides to be charged with the maintenance expense for such a child "placed in a residential school under the provisions of this article”. For the purposes of article 89 of the Education Law, subdivision 3 of section 4401 of the Education Law defines maintenance expense as "the dollar amount charged for room and board and allocable debt service as determined by the commissioner for the living unit of the residential facility by a residential school and such reasonable medical expenses actually and necessarily incurred by a handicapped child while actually in attendance at a residential school * * * Such dollar amount, which shall not include expenses which are otherwise reimbursable to a residential facility by a federal, state or local agency, shall be approved by the commissioner of education and the director of the division of the budget and shall not be otherwise payable or reimbursable.” (Emphasis added.)
As the respondents concede, Lawrence was not placed in a residential school under the provisions of article 89 of the Education Law. The group home operated by WORC cannot be funded through the COH because a group home is not approv *1078 able as a "school” under the Education Law. The COH cannot approve a residential placement for a handicapped child "unless there is no appropriate non-residential school available consistent with the needs of the child.” (Education Law, § 4402, subd 2, par b, cl [2].) The COH in Lawrence’s school district approved a nonresidential school for him at the Samuel Field YMHA School which indicates to the court that the COH concluded that Lawrence did not require a residential school or a residential facility to meet his educational needs. (Cf. Matter of Department of Social Servs. [Claudia R.], NYLJ, March 24, 1980, p 19, col 1, where the COH approved maintenance as well as education for the child involved therein.)
The respondents erroneously relied on the Education for All Handicapped Children Act of 1975. (US Code, tit 20, § 1401 et seq.) This act sets out substantive and procedural standards which States must follow in order to obtain Federal financial assistance for education of handicapped children. These standards apply to educational placements made by education authorities.
New York responded to the Federal statute by enacting article 89 of the Education Law entitled "Children with Handicapping Conditions.” The burden of identifying handicapped children and developing appropriate educational plans for them was placed with local school officials acting though the COH set up for each school district. (See Education Law, § 4402.) As outlined above, Lawrence’s placement at the Samuel Field School was consistent with the statutory scheme of article 89. Therefore, the fully funded education presently being furnished to Lawrence at the Samuel Field School satisfies the legal requirements of the Education for All Handicapped Children Act of 1975. The Federal and State statute do not afford the respondents the relief they are seeking in their motion to dismiss this proceeding.
Moreover, the respondents erroneously relied on chapter 777 of the Laws of 1977 which they claim eliminates the obligation for reimbursement under section 366 (subd 2, par [b]) of the Social Services Law. Section 366 falls within title 11 of the Social Services Law which is captioned "Medical Assistance for Needy Persons”. The object of title 11 was the establishment of a comprehensive program of medical assistance for needy persons in order to promote the public health and welfare and the State’s goal of making available to *1079 everyone uniform, high quality medical care. (Social Services Law, § 363.)
Subdivision 2 of section 365-a of the Social Services Law defines medical assistance as "payment of part or all of the cost of care, services and supplies which are necessary to prevent, diagnose, correct or cure conditions in the person that cause acute suffering, endanger life, result in illness or infirmity, interfere with his capacity for normal activity, or threaten some significant handicap and which are furnished an eligible person in accordance with this title, and the regulations of the department.” (Emphasis added.) Nowhere in this statute is reference made to maintenance in a group home for mentally retarded children as falling within the definition of medical assistance. Therefore, the court does not even reach the question of the applicability of section 366 (subd 2, par [b]) of the Social Services Law to the instant proceeding.
As stated previously, the petitioner pays $42.68 per day to WORC for Lawrence’s maintenance and residential expenses which include his room, board, and casework services. This expense is not covered by the medical assistance program outlined in title 11 of the Social Services Law. Hence, section 366 of the Social Services Law does not relieve the respondents of their liability for Lawrence’s maintenance at WORC.
The respondents’ motion to dismiss the petitions is denied.
This case remains on the calendar for April 30, 1980 in Part III.